UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**TANYA PARIS**,

        Plaintiff,

vs.

Case No.
Hon.

**EOTECH, LLC,**
A Michigan Limited Liability Company,

        Defendant.

**GASIOREK MORGAN**
Donald J. Gasiorek (P24987)
Attorneys for Plaintiff
30500 Northwestern Hwy Suite 425
Farmington Hills, MI 48334
(248) 865-0001 / (248) 865-0002 (Fax)
dgasiorek@gmgmklaw.com

## PLAINTIFF'S COMPLAINT AND JURY DEMAND

Plaintiff, TANYA PARIS, by her attorneys, GASIOREK MORGAN, states the following for her Complaint against Defendant:

1. This Complaint asserts claims of employment discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 USC §2000(e) *et. seq.*, and Michigan's Elliott-Larsen Civil Rights Act ("ELCRA"), MCL §37.2101, *et seq.*

1

## PARTIES

2. Plaintiff, TANYA PARIS, is an individual residing in Van Buren Township, Wayne County, Michigan.

3. Defendant, EOTECH, LLC ("Defendant" and/or "EOTECH LLC"), is a Michigan Limited Liability Company, with a resident agent and registered office in Troy, Oakland County, Michigan and a principal office or place of business located in Ann Arbor, Washtenaw County, Michigan.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Defendant because Defendant conducts business on a regular and systematic basis in the Eastern District of Michigan and is headquartered in the Eastern District of Michigan.

5. This Court has jurisdiction over Plaintiff's Title VII claims under and pursuant to 28 USC §§1331 and 1343.

6. This Court has jurisdiction over Plaintiff's state law claims under and pursuant to 28 USC §1367.

7. In or about February 2022, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC").

8.  The EEOC issued a "Determination and Notice of Rights" on August 29, 2022 ("Right to Sue Notice"). See **Exhibit A.**

9.  Plaintiff has timely filed this Complaint within 90 days of receiving the EEOC's Right to Sue Notice.

10.  Venue is proper in this judicial district pursuant to 28 USC §1391 because the events giving rise to the claims occurred in this judicial district.

## GENERAL ALLEGATIONS

11.  Plaintiff is an African American female.

12.  In June 2007, Plaintiff commenced employment with Defendant and/or its predecessors (i.e., L3 Communications EOTech) as an Assembler.

13.  Plaintiff, at all times, performed all the terms and conditions of her employment in a satisfactory and/or exemplary manner.

14.  Plaintiff's competent performance is evidenced by the several promotions (Assembler to Assembler II, Assembler III, Inspector I – Production) and the salary increases and bonuses she received throughout her employment.

15.  In or about June 2020, Defendant hired a Human Resources ("HR") Director, John Morand, who is a white/Caucasian male.

3

16. In or about July and August 2020, Defendant's employees transitioned from its predecessor to EOTECH LLC and became employed by EOTECH LLC.

17. In August 2020, Plaintiff's position or title with EOTECH LLC was "Inspection B" and/or Quality Inspector 3.

18. Plaintiff continued to performed her assigned duties and responsibilities in a manner that demonstrated that she was qualified for her position and qualified to retain her position.

19. No written warnings or written criticisms of Plaintiff's performance between 2019 and 2021 are contained in her personnel file maintained by Defendant.

20. On or about July 15 or July 16, 2021, Defendant's HR Director, John Morand, recommended that Defendant terminate Plaintiff's employment.

21. On July 16, 2021, Defendant met with Plaintiff and accused her of using the company's computer and equipment for personal reasons and/or for unrelated business activities.

22. On July 16, 2021, Defendant gave Plaintiff the option to resign, effective immediately, or be terminated.

23. Plaintiff did not deny using the computer on occasion as did most other employees.

24. During the meeting on July 16, 2021, Plaintiff asked Defendant's HR Director, John Morand, why he was picking on her when other employees used the company's computer and equipment for personal or unrelated business reasons and activities.

25. Plaintiff further informed Defendant, particularly its HR Director, John Morand, that she believed she was being singled out and discriminated against. John Morand told Plaintiff she was fired and to leave the building.

26. It was not uncommon for white/Caucasian employees and/or male employees to use the company's computer and equipment for personal or unrelated business activities.

27. HR Director John Morand, however, did not recommend that Defendant terminate the employment of those white/Caucasian employees and/or male employees, and/or did not fire those white/Caucasian employees and/or male employees who had engaged in the same or similar conduct.

28. On July 19, 2021, Defendant sent Plaintiff a letter confirming that it terminated her employment effective July 16, 2021.

5

29. Plaintiff was replaced by and/or her former duties and responsibilities were assumed by a white/Caucasian and/or male employee.

30. Upon information and belief, Defendant's proffered reasons for terminating Plaintiff's employment were a pretext for race and/or gender discrimination.

31. Plaintiff's race and/or gender were a factor(s) in Defendant's decision to terminate her employment.

32. Defendant's discriminatory treatment and its termination of Plaintiff because of her race and/or gender was willful and deliberate.

## COUNT I
## RACE DISCRIMINATON IN VIOLATION OF TITLE VII

33. Plaintiff repeats and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

34. At all times relevant to this action, Plaintiff was an employee and Defendant was an employer within the terms of Title VII of the Civil Rights Act of 1964, as amended, 42 USC § 2000(e), *et. seq.*

35. Pursuant to Title VII, Defendant, as an employer, had a duty to Plaintiff not to terminate or otherwise discriminate against Plaintiff with respect to her employment, compensation, terms, conditions, or privileges of employment because of Plaintiff's race; or to limit, segregate, or classify

6

Plaintiff for employment in any way which deprived or tended to deprive Plaintiff of employment opportunities or otherwise adversely affect the employment status of Plaintiff because of her race.

36. Defendant violated this duty to Plaintiff by, among other things, treating Plaintiff less favorably than similarly situated white/Caucasian employees, terminating Plaintiff's employment because of her race, and/or otherwise discriminating against Plaintiff with respect to the terms, conditions, opportunities, compensation, and/or privileges of her employment because of her race.

37. Defendant's discriminatory treatment and its termination of Plaintiff because of her race was willful and deliberate.

38. As a direct and proximate result of Defendant's intentional violation of Plaintiff's civil rights, as set forth in Title VII, Plaintiff suffered damages, including but not limited to, loss of past and future income and employment benefits, outrage, humiliation, embarrassment, mental anxiety, emotional distress, and loss of professional reputation.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter its Judgment against Defendant for money damages in whatever amount is shown to be established by the proofs of this case, plus exemplary

damages, punitive damages, together with appropriate equitable and injunctive relief, and the imposition of attorney fees and costs.

**DEMAND FOR TRIAL BY JURY IS HEREBY MADE**

## COUNT II
## RACE DISCRIMINATION IN VIOLATION OF THE ELCRA

39. Plaintiff repeats and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

40. At all times relevant herein, under the ELCRA, Plaintiff had a right to employment free from discrimination based on her race.

41. Defendant violated Plaintiff's rights under the ELCRA by, among other things, treating Plaintiff less favorably than similarly situated white/Caucasian employees, terminating Plaintiff's employment because of her race, and/or otherwise discriminating against Plaintiff with respect to the terms, conditions, opportunities, compensation, and/or privileges of her employment because of her race.

42. As a direct and proximate result of Defendant's discriminatory and wrongful conduct, Plaintiff suffered damages, including but not limited to, loss of past and future income and employment benefits, outrage, humiliation, embarrassment, mental anxiety, emotional distress, and loss of professional reputation.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter a Judgment against Defendant in whatever amount is shown to be established by the proofs in this cause, together with exemplary damages, interest, costs, and reasonable attorneys' fees.

### DEMAND FOR TRIAL BY JURY IS HEREBY MADE

### COUNT III
### GENDER DISCRIMINATON IN VIOLATION OF TITLE VII

43. Plaintiff repeats and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

44. At all times relevant to this action, Plaintiff was an employee and Defendant was an employer within the terms of Title VII of the Civil Rights Act of 1964, as amended, 42 USC § 2000(e), *et. seq.*

45. Pursuant to Title VII, Defendant, as an employer, had a duty to Plaintiff not to terminate or otherwise discriminate against Plaintiff with respect to her employment, compensation, terms, conditions, or privileges of employment because of Plaintiff's gender; or to limit, segregate, or classify Plaintiff for employment in any way which deprived or tended to deprive Plaintiff of employment opportunities or otherwise adversely affect the employment status of Plaintiff because of her gender.

46. Defendant violated this duty to Plaintiff by, among other things, treating Plaintiff less favorably than similarly situated male employees, terminating Plaintiff's employment because of her gender, and/or otherwise discriminating against Plaintiff with respect to the terms, conditions, opportunities, compensation, and/or privileges of her employment because of her gender.

47. Defendant's discriminatory treatment and its termination of Plaintiff because of her gender was willful and deliberate.

48. As a direct and proximate result of Defendant's intentional violation of Plaintiff's civil rights, as set forth in Title VII, Plaintiff suffered damages, including but not limited to, loss of past and future income and employment benefits, outrage, humiliation, embarrassment, mental anxiety, emotional distress, and loss of professional reputation.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter its Judgment against Defendant for money damages in whatever amount is shown to be established by the proofs of this case, plus exemplary damages, punitive damages, together with appropriate equitable and injunctive relief, and the imposition of attorney fees and costs.

**DEMAND FOR TRIAL BY JURY IS HEREBY MADE**

## COUNT IV
## GENDER DISCRIMINATION IN VIOLATION OF THE ELCRA

49. Plaintiff repeats and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

50. At all times relevant herein, under the ELCRA, Plaintiff had a right to employment free from discrimination based on her gender.

51. Defendant violated Plaintiff's rights under the ELCRA by, among other things, treating Plaintiff less favorably than similarly situated male employees, terminating Plaintiff's employment because of her gender, and/or otherwise discriminating against Plaintiff with respect to the terms, conditions, opportunities, compensation and/or privileges of her employment because of her gender.

52. As a direct and proximate result of Defendant's discriminatory and wrongful conduct, Plaintiff suffered damages, including but not limited to, loss of past and future income and employment benefits, outrage, humiliation, embarrassment, mental anxiety, emotional distress, and loss of professional reputation.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter a Judgment against Defendant in whatever amount is shown to be established by the proofs in this cause, together with exemplary damages, interest, costs, and reasonable attorneys' fees.

## **DEMAND FOR JURY TRIAL**

Plaintiff, TANYA PARIS, by her attorneys, GASIOREK MORGAN, demands a trial by jury in this cause of action.

Respectfully submitted,

**GASIOREK MORGAN**

BY:  /s/ Donald Gasiorek
DONALD J. GASIOREK (P24987)
Attorneys for Plaintiff
30500 Northwestern Hwy, Suite 425
Farmington Hills, MI 48334
(248) 865-0001
dgasiorek@gmgmklaw.com

Dated: November 8, 2022